UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
STEPHEN MORRIS, and KELLY McDANIEL,
On behalf of themselves and all other
similarly situated,

                Plaintiffs,

          -against-

ERNST & YOUNG, LLP, and
ERNST & YOUNG U.S., LLP,
                Defendants.

-----------------------------------------------------------x

                        12 CV 0838 (KMW)
                        OPINION AND ORDER

KIMBA M. WOOD, U.S.D.J.:


**I. Introduction**

       Plaintiffs Stephen Morris and Kelly McDaniel brought suit against their former employer, Ernst & Young ("E&Y"), under the Fair Labor Standards Act ("FLSA") and the California Labor Code ("CLC") alleging that E&Y failed to compensate them for overtime or required breaks. Plaintiffs seek to certify a national collective group under § 16(b) of the FLSA and also certify a class of California E&Y employees under Federal Rule of Civil Procedure 23.

       Currently before the Court is Defendants' motion to transfer venue to the Northern District of California pursuant to 28 U.S.C. § 1404(a). For the following reasons, the Court grants Defendants' motion.


**II. Background**

       For years, current and former E&Y employees, many represented by Plaintiffs' counsel in the instant case, have sought class certification in actions against E&Y alleging unpaid overtime under California law. David Ho filed the first such action on September 27, 2005 in California state court, asserting claims under the CLC. After E&Y removed the action to the

Northern District of California, Ho amended his complaint to add three additional plaintiffs, including Sarah Fernandez.  See Ho v. Ernst & Young LLP, 2009 WL 111729, at *1 (N.D. Cal. Jan. 15, 2009) (No. 05-CV-04867).  After the district court granted summary judgment against Ho, and two of the additional plaintiffs voluntarily withdrew, only Fernandez remained to represent the putative class.  Id. at *1-*2.  Soonafter, two additional cases involving putative classes asserting claims under the CLC – Landon v. Ernst & Young, 2009 WL 4723708 (N.D. Cal. Dec. 2, 2009) (No. 08-CV-02853), and Richards v. Ernst & Young, 2010 WL 682314 (N.D. Cal. Feb. 24, 2010) (No. 08-CV-04988) – were consolidated with Ho (now Fernandez) for class certification purposes.  Plaintiffs in these three cases sought to represent classes of current and former E&Y Staff – first and second year employees – and Seniors – third and fourth year employees – in the auditing and tax groups at E&Y's offices in California.  On September 20, 2011, Northern District of California District Judge Fogel denied certification with respect to the auditing employees (Fernandez) but granted the motion with respect to the tax employees (Richards).

The denial of certification in Fernandez focused on the fact that Fernandez herself was not an adequate class representative.  See Ho v. Ernst & Young, LLP, 2011 U.S. Dist. Lexis 106658, at *10-11.  Accordingly, on December 8, 2011, after Judge Fogel denied class certification, the Fernandez plaintiffs moved to add Stephen Morris as a new plaintiff.  (Knopp Decl. Ex. C.)  Morris had earlier provided a declaration in support of class certification and was deposed.  (Knopp Decl. Exs. A, B.)  The court ultimately denied Morris's attempt to join the suit, finding that plaintiffs had unduly delayed in attempting to add Morris.  (Knopp Decl. Ex. D.)  At the same time, the court explained that Morris could file his own suit.

Rather than file suit in the Northern District of California, however, on February 2, 2012, Morris brought suit in the Southern District of New York.  On April 20, 2010, before the Northern District of California took the above mentioned actions in Fernandez and before Morris attempted to join the Fernandez litigation, a distinct set of New York E&Y employees filed their own suit in the Southern District of New York.  That case is currently pending before this Court. See Sutherland v. Ernst & Young, 768 F. Supp. 2d 547 (S.D.N.Y. 2011) (No. 10-CV-3332) (Wood, J.).  The Sutherland plaintiffs, like Morris and McDaniel, assert a FLSA claim and seek to certify a nationwide FLSA collective.  In contrast to Morris and McDaniel, however, Sutherland's putative class involves *Staff* employees, not *Seniors*.  (Amended Compl. ¶1.)  Also unlike Morris and McDaniel, the Sutherland plaintiffs assert state law claims under the New York Labor Law ("NYLL"), not the CLC, and seek to certify a Rule 23 class on behalf of *New York*-based employees, not C*alifornia*-based employees.

Previously, Defendants sought to have Sutherland transferred to the Northern District of California.  This Court, pursuant to Magistrate Judge Michael H. Dollinger's Report and Recommendation (Knopp Decl. Ex. H ("Sutherland Transfer Order")), denied Defendants' motion to transfer.  Defendants now move to transfer this action.

## III. Standard of Review

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The purpose of transferring venue is to "prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense."  Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (internal quotation marks omitted).  The burden is on the moving party to make a

"clear and convincing showing that transfer will serve the interests of convenience and fairness." Capitol Records, LLC v. VideoEgg, Inc., 611 F. Supp. 2d 349, 368 (S.D.N.Y. 2009) (Baer, J.); see also N.Y. Marine & Gen., Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 114 (2d Cir. 2010) (The party requesting transfer carries the "burden of making out a strong case for transfer." (internal quotation marks and citation omitted)).

"Deciding a § 1404(a) motion to transfer venue 'requires a two-part inquiry: first, whether the action to be transferred might have been brought in the transferee court; and second, whether considering the convenience of the parties and witnesses, and the interest of justice, a transfer is appropriate.'" AGCS Marine Ins. Co. v. Associated Gas & Oil Co., Ltd., 775 F. Supp. 2d 640, 645 (S.D.N.Y. 2011) (Marrero, J.).[1]

## IV. Analysis

### A. Whether this Action Might Have Been Brought in California

In order to determine if an action "might have been brought" in a transferee court for purposes of § 1404(a), a district court must consider the facts at the time the action was commenced.  See Hoffman v. Blaski, 363 U.S. 335, 342 (1960); Schertenleib v. Traum, 589 F.2d 1156, 1161 (2d Cir. 1978).  In particular, "subject matter jurisdiction, personal jurisdiction and

---

[1] Plaintiffs argue that this Court should apply the first filed rule, which generally states "that, in determining the proper venue, '[w]here there are two competing lawsuits, the first suit should have priority.'" N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 112 (2d Cir. 2010).  Plaintiffs argue that transferring this case would create a later-filed, competing lawsuit with Sutherland that would need to be enjoined in the Northern District of California.  Accordingly, they contend that the principles of the first filed rule should weigh against transfer.  Plaintiffs cite no authority, however, for applying the rule to *prevent* transfer of a second action, rather than *enjoining* the prosecution of the second action.

Moreover, it is not apparent that the rule applies to the circumstances presented in this case.  The first filed rule "usually applies when identical or substantially similar parties and claims are present in both courts."  In re Cuyahoga Equip. Corp., 980 F.2d 110, 116-17 (2d Cir. 1992).  Plaintiffs in this case raise a FLSA claim and multiple CLC claims on behalf of E&Y Senior employees.  Sutherland, however, raises a FLSA claims and multiple *NY Labor Law* claims on behalf of E&Y *Staff* employees.

Finally, Plaintiffs acknowledge that "the first-filed rule does not constitute an invariable mandate."  Emp'rs Ins. of Wausau v. Fox Entm't Grp., Inc., 522 F.3d 271, 275 (2d Cir. 2008).  This Court must still consider whether the "balance of convenience" warrants application of the rule by considering the balance of the same factors relevant to the § 1404(a) transfer of venue inquiry.  Id.  Accordingly, this Court focuses its analysis on the § 1404(a) analysis.

venue all must have been proper in the proposed transferee court at the time the action was filed." AGCS Marine, 775 F. Supp. 2d at 646.

As evidenced by the numerous nearly identical suits pending against E&Y in the Northern District of California, this Court finds, and the Parties do not dispute, that this action could have been brought in the transferee court.

**B. Whether Transfer is Appropriate**

The second part of the transfer inquiry requires this Court to "evaluate whether transfer is warranted using several factors relating to the convenience of transfer and the interests of justice." In re Collins & Aikman Corp. Sec. Litig., 438 F. Supp. 2d 392, 394 (S.D.N.Y. 2006) (Mukasey, J.). These factors include:

> (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) trial efficiency and the interests of justice.

Id. (citing Fuji Photo Film Co. v. Lexar Media, Inc., 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006) (McMahon, J.)). These factors are not to "be applied in a mechanical or formulaic manner. Rather, they, and any other factors peculiar to the particular case in question, serve as guideposts to the Court's informed exercise of discretion." Albert Fadem Trust v. Duke Energy Corp., 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002) (Rakoff, J.).

**(1) & (2) Convenience of the Witnesses & Parties**

The convenience of the witnesses "is typically the most important factor when considering a motion to transfer." AGCS Marine, 775 F. Supp. 2d at 647. The Parties identify four groups of witnesses who will likely be particularly relevant in this case: (1) E&Y current

and former employees who can testify regarding Plaintiffs' actual duties and performance while at E&Y in California; (2) current and former employees who can testify regarding E&Y national policies; (3) members of Plaintiffs' putative CLC class; and (4) members of Plaintiffs' putative nationwide FLSA collective.

In order to demonstrate that a transfer is warranted based on the convenience of the witnesses, the moving party must identify the expected witnesses and evidence.  See, e.g., Indian Harbor Ins. Co. v. Factory Mut. Ins. Co., 419 F. Supp. 2d 395, 402 (S.D.N.Y. 2005) (Leisure, J.); Editorial Musical Latino Americana, S.A. v. Mar Int'l Records, Inc., 829 F. Supp. 62, 66-67 (S.D.N.Y. 1993) (Sweet, J.); see also Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 218 (2d Cir. 1978) abrogated on other grounds by Pirone v. MacMillan, Inc., 894 F.2d 579 (2d Cir. 1990).  Here, Defendants have identified twenty three individuals who reviewed Morris and McDaniel's work performance at E&Y in California.  The last known address for twenty two of these potential witnesses is in California.  (Hodapp Decl. ¶¶2-3.)  Moreover, because Plaintiffs' putative CLC class includes current and former employees from E&Y's California offices, it stands to reason that many of those putative class members may still reside in California. Defendants thus have shown that witnesses from categories (1) and (3) above are far more likely to be located in California than New York.

Plaintiffs counter that although their CLC claims are tied to California, their FLSA claim turns on nationwide policies that were likely adopted at E&Y's headquarters in New York. Plaintiffs claim that the employees needed to testify regarding these national policies – category (2) above – are likely still in New York.  Plaintiffs offer few specifics to support this claim, except to note that two E&Y executives *previously* called in the California cases were from New York.  (Pls.' Opp. Transfer Mem. at 17.)  The testimony of those two witnesses, however, is

already available to Plaintiffs.  Moreover, the fact that other plaintiffs have been litigating claims

that touch on E&Y national policies for years in California indicates that proximity to E&Y's

New York headquarters is of little consequence.  Finally, although Plaintiffs contend that their

FLSA claim will turn on nationwide policies regarding the role of Staff employees, it is well-

established that courts must evaluate FLSA exemptions based on the duties that the employee

*actually performed*.  See, e.g., Myers v. Hertz Corp., 624 F.3d 537, 549 (2d Cir. 2010) (noting

"the [FLSA] exemption inquiry requires examination of the 'dut[ies] that the employee' actually

performs" (citing 29 C.F.R. § 541.700(a))); Youngblood v. Family Dollar Stores, Inc., 2011 WL

1742109, at *2 (S.D.N.Y. Jan. 5, 2011) (No. 09-CV-3176) (Maas, M.J.).  Information about the

duties that Plaintiffs actually performed is more likely to come from California-based witnesses

who actually observed Plaintiffs at work, rather than witnesses from corporate headquarters.[2]

The convenience of the former witnesses thus favors transfer.

        The convenience of the parties similarly favors transfer.  Although E&Y is a national

accounting firm that likely will have no trouble litigating in either forum, as noted above, the

majority of likely party-witnesses reside in California.  Moreover, Plaintiffs themselves are

California residents.  (Amended Compl. ¶¶12-13.)  In sum, the convenience of the witnesses and

the parties both favor transfer of venue.

### (3) Location of Relevant Documents and Access to Sources of Proof

---

[2] Although courts sometimes transfer actions to the district of a corporate headquarters, this often occurs
when nationwide claims (not state law claims) predominate.  E.g., Rindfleisch v. Gentiva Health Sys., Inc., 752 F.
Supp. 2d 246, 255-56 (E.D.N.Y. 2010) (Bianco, J.).  When state law claims predominate and the heart of those
claims focus on a particular state, courts will even transfer a case *away* from a corporate headquarters.  For example,
in Amick v. American Express Travel Related Services Co., 2010 WL 307579, at *2 (S.D.N.Y. Jan.26, 2010) (No.
09-CV-9780) (Hellerstein, J.), the plaintiff asserted an FLSA collective action and North Carolina state law claims
in this District, where defendant's corporate headquarters were located.  Plaintiff claimed that the defendant's
"compensation policies in its Greensboro[, North Carolina] call center were developed in [defendant's] New York
City corporate headquarters."  Id. at *2.  Nonetheless, the court granted the motion to transfer venue to the Middle
District of North Carolina, noting that plaintiff sought a class action under North Carolina law, that the alleged
violations occurred in North Carolina, and that the class members were employed in North Carolina.  Id. at *1-*3.

In general, "[t]he location of relevant documents is largely a neutral factor in today's world of faxing, scanning, and emailing documents." Am. Steamship Owners Mut. Prot. & Indem. Ass'n, Inc. v. Lafarge N. Am., Inc., 474 F. Supp. 2d 474, 484 (S.D.N.Y. 2007) (Haight, J.); see also Pippins v. KPMG LLP, 2011 WL 1143010, at *5 (S.D.N.Y. Mar. 21, 2011) (No. 11-CV-0377) (McMahon, J.).   Accordingly, the Court finds, and the Parties agree, that this factor neither favors nor disfavors transfer.

### (4) Locus of operative facts

"The locus of operative facts is a 'primary factor' in determining whether to transfer venue.  Along with the location of material witnesses, this has a bearing on where the 'center of gravity' of the action rests." Am. Steamship Owners, 474 F. Supp. 2d at 485.

The Parties sharply disagree regarding the relevant locus of operative facts – Plaintiffs focus on their FLSA claim, arguing that the locus of that claim is E&Y's New York headquarters; Defendants focus on Plaintiffs' CLC claims, arguing that the loci of those claims are E&Y's California offices where Plaintiffs worked.  As noted above, even the adjudication of Plaintiffs' FLSA claim will likely require evidence regarding Plaintiffs' actual duties and performance while at E&Y in California.  See, e.g., Myers, 624 F.3d at 549; Youngblood, 2011 WL 1742109, at *2.  This is also true for Plaintiffs' CLC claims.  See Ramirez v. Yosemite Water Co., Inc., 978 P.2d 2, 13 (Cal. 1999) (adjudicating claim that employee was an "outside salesperson," exempt from CLC's overtime pay requirements, requires court to "consider, first and foremost, how the employee actually spends his or her time").  Thus, because each of Plaintiffs' claims will turn, in part, on Plaintiffs' actual duties while at E&Y's California offices, this Court finds that the primary locus of operative facts favors transfer.

### (5) Availability of Process to Compel Unwilling Witnesses

The Court finds, and the Parties agree, that this factor is neutral and thus does not favor transfer.  See, e.g., Fuji Photo Film Co. v. Lexar Media, Inc., 415 F. Supp. 2d 370, 375 (S.D.N.Y. 2006) (McMahon, J.).

### (6) Relative Means of the Parties

Generally speaking, "[w]here a disparity between the parties exists, such as an individual plaintiff suing a large corporation, the Court may also consider the relative means of the parties in determining whether to transfer."  Hernandez v. Graebel Van Lines, 761 F. Supp. 983, 989 (E.D.N.Y. 1991).  At the same time, however, this factor will not weigh in Plaintiffs' favor unless they can show that transfer would impose an "undue hardship."  Id.; see also Federman Associates v. Paradigm Med. Indus., Inc., 1997 WL 811539, at *4 (S.D.N.Y. Apr. 8, 1997) (96-CV-8545) (Jones, J.) ("A party arguing against or for transfer because of inadequate means must offer documentation to show that transfer (or lack thereof) would be unduly burdensome to his finances.").  Plaintiffs do not claim any such hardship or burden in this case.  Accordingly, the Court finds that the relative means of the parties does not bear on the decision to transfer venue.

### (7) Forum's Familiarity with Governing Law

Familiarity with governing law, though "generally given little weight in federal courts," AEC One Stop Grp., Inc. v. CD Listening Bar, Inc., 326 F. Supp. 2d 525, 531 (S.D.N.Y. 2004) (Chin, J.), slightly favors transfer.  All but one of Plaintiffs' claims arise under California law, which, for purposes of this Court's analysis, is more familiar to judges in the Northern District of California.  See, e.g., Amardeep Garments Indus. Pvt. Ltd. v. Cathay Bank, 2011 WL 1226255, at *4 (S.D.N.Y. Mar. 23, 2011) (10-CV-2429) (Jones, J.) ("[I]t may be presumed that California courts are also more familiar with California law than this Court is, and it is clear that California

law governs most, if not all, of the claims in Plaintiffs' suit.").  Both this Court and courts in the Northern District of California are equally familiar with FLSA laws.[3]  Thus, this factor, though not of decisive weight, also favors transfer.

### (8) Weight Accorded to Plaintiffs' Choice of Forum

As a general matter, "[a] plaintiff's choice of forum 'is entitled to significant consideration and will not be disturbed unless other factors weigh strongly in favor of transfer.'" Hershman v. UnumProvident Corp., 658 F. Supp. 2d 598, 601 (S.D.N.Y. 2007) (Howell, J.); see also DiRienzo v. Philip Servs. Corp., 294 F.3d 21, 28 (2d Cir. 2002).

Defendants argue, however, that Plaintiffs' choice deserves minimal deference here because Plaintiffs are not residents of the forum district.  (Defs.'s Transfer Mem. at 16 (citing Zepherin v. Greyhound Lines Inc., 415 F. Supp. 2d 228, 232 (S.D.N.Y. 2006).)  See also Amick, 2010 WL 307579, at *2 ("Amick's decision to bring this action in the Southern District of New York is accorded a lesser degree of deference because he is not a resident of the Southern District of New York and the instant action is 'minimally connected with [this District].'").

In this circuit, "the amount of deference to which a plaintiff is entitled when he files a lawsuit outside of his home forum" depends on whether the choice of forum appears "dictated by reasons that the law recognizes as valid . . . [or whether] it appears the decision is 'motivated by forum shopping reasons.'"  Hershman, 658 F. Supp. 2d at 601 (quoting Iragorri v. United Technologies Corp., 274 F.3d 65, 73 (2d Cir. 2001)).  In order to avoid the inference of forum

---

[3] Plaintiffs argue that this Court is more familiar with the relevant governing law because, should this Court transfer this case to the Northern District of California, that court would be required to decide the matter of class certification based on Second Circuit precedent. (Pls.' Opp. Transfer Mem. 23.)  It is certainly the case that "[w]hen state law claims are transferred from one federal district to another district, pursuant to § 1404(a), the transferee district is required to apply the state law that would have been applied in the transferor district had there been no venue transfer." Nw. Mut. Life Ins. Co. v. Banc of Am. Sec. LLC, 254 F. Supp. 2d 390, 396 (S.D.N.Y. 2003) (Koeltl, J.) (citing Van Dusen v. Barrack, 376 U.S. 612, 639-40 (1964)).  This does not mean, however, that the transferee forum must apply *federal* procedural laws, such as interpretations of Rule 23, based on the original filing location.  Rather, the transferee court must follow its own circuit precedent on such questions. Id.

shopping, Plaintiffs argue that they "initially gave the Northern District of California the opportunity to add these claims to the <u>Fernandez</u> action." (Pls.' Opp. Transfer Mem. at 22.) In reality, Plaintiff Morris moved to join the <u>Fernandez</u> action in the Northern District of California on December 8, 2011. (Knopp Decl. Ex. D.) On January 1, 2012, that court denied the motion. (<u>Id</u>.) District Judge Whyte noted that Morris was free, however, to file a separate action. On January 13, 2012, after Judge Whyte denied Morris's attempt to join <u>Fernandez</u>, but before Morris decided to refile, this Court denied E&Y's motion for reconsideration to dismiss or stay the proceedings and compel arbitration in <u>Sutherland</u>. <u>Sutherland v. Ernst & Young LLP</u>, 847 F.Supp.2d 528 (S.D.N.Y. 2012) (Wood, J.). Only a few short weeks after this Court's decision in <u>Sutherland</u>, Morris brought his action in *this* Court rather than refiling in California.

Moreover, to the extent that an action involves "plaintiffs who are scattered throughout the country," the choice of a particular forum carries less weight. <u>Glass v. S & M NuTec, LLC</u>, 456 F. Supp. 2d 498, 504 (S.D.N.Y. 2006) (Conner, J.); <u>see also</u> <u>In re Collins & Aikman Corp. Sec. Litig.</u>, 438 F. Supp. 2d 392, 398 (S.D.N.Y. 2006) (Mukasey, J.) ("[P]laintiff brings the present action on behalf of a purported nationwide class of investors and 'in class actions less weight is given to the plaintiff's choice.'"). In this case, Plaintiffs clearly seek to certify a nationwide FLSA class, with members who are spread throughout the country.

Overall, the Court finds that the weight to be given to Plaintiffs' choice of forum is at best neutral.

### (9) Trial Efficiency and the Interests of Justice

As discussed above, Plaintiffs assert a FLSA collective claim that mirrors the FLSA claim brought by the <u>Sutherland</u> plaintiffs. Accordingly, Plaintiffs argue that regard for judicial economy and the potential for inconsistent judgments favor keeping this action in this Court,

where <u>Sutherland</u> is currently pending.  <u>See</u> <u>Children's Network, LLC v. PixFusion LLC</u>, 722 F. Supp. 2d 404, 416 (S.D.N.Y. 2010) (Cote, J.).

The Court finds, however, that judicial economy considerations are neutral in this case. Although Plaintiffs argue that this Court's familiarity with <u>Sutherland</u> tips the scale, Defendants correctly note that the Northern District of California has decided "three summary judgment motions, . . . a class certification motion, . . . eight discovery motions[,] and a motion to compel arbitration" in the <u>Ho</u>/<u>Fernandez</u>, <u>Landon</u>, and <u>Richards</u> actions.  (Knopp Decl. ¶5.)

Moreover, Plaintiffs' concern for inconsistent judgments appears overstated.  The FLSA claims asserted by Plaintiffs in the instant case are not identical to those asserted in <u>Sutherland</u>. <u>Sutherland</u> seeks to certify a FLSA collective representing E&Y Staff employees – those in the first two years of employment – while Plaintiffs here seek to certify a FLSA collective representing Senior employees – those in their third or fourth year of employment.  (<u>Compare</u> Knopp Decl. Ex. I ¶1 (<u>Sutherland</u> Complaint), <u>with</u> Amended Compl. ¶1.)  Plaintiffs acknowledge that the differences between Staff and Seniors "may or may not" ultimately prove material.  (Pls.' Mem. in Opp. at 24.)  This acknowledgement undercuts their concern that transferring this action will result in inconsistent judgments.  <u>See</u> <u>Sutherland</u> Transfer Order at 34-35 ("[T]he differences between the putative classes and the purportedly representative plaintiffs means that different decisions would not necessarily be in conflict.").

Neither consideration of trial efficiency nor consideration of the interest of justice changes the Court's conclusion that the substantial balance of relevant considerations – especially, the convenience of the witnesses and parties and the locus of operative facts – weigh heavily in favor of transfer.

## V. Conclusion

For the foregoing reasons, Defendants' Motion to Transfer Venue to the Northern District of California is GRANTED.

**The Clerk of Court is directed to close this case. Any pending motions are moot.**

SO ORDERED.

Dated:       New York, New York

             September _10_, 2012

_(signature)_

Kimba M. Wood
United States District Judge

13